IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-30086 |
| ) | |
| KEVIN L. ADAMS, ) | |
| ) | |
| Defendant. ) | |

## OPINION

RICHARD MILLS, United States District Judge:

Kevin L. Adams moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and The CARES Act, Pub. L. No. 116-136 (Mar. 27, 2020).

His motion is based on the proliferation of COVID-19 at FCI Terre Haute along with the exponential growth of the disease throughout the country, his age, his weight, his need to care for his ailing parents, changes to sentencing law that would affect his sentence today, and his exemplary discipline history and rehabilitation thus far.

The Government claims Adams has failed to present any extraordinary and compelling reasons which would warrant a sentence reduction.

# I. BACKGROUND

Adams, who is 44-years old, was sentenced in September 2011 to 240 months' imprisonment following his guilty plea to one count of distribution of crack cocaine (Count 1) and two counts of distributions of at least 28 grams of crack cocaine (Counts 2 and 3), in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B) and 841(b)(1)(C). Adams has been in custody for over 135 months--since October 7, 2010. Adams, who is housed at FCI Terre Haute, has a projected release date of October 22, 2027. Following his release, Adams will serve 8 years of supervised release.

Adams reports his height as being 5 feet 8 inches tall and weight as being 165 pounds, resulting in a Body Mass Index ("BMI") of 25.1. An individual with a BMI between 25.0 and 29.9 is considered overweight so Adams barely qualifies. *See* www.cdc.gov/obesity/adult/defining. Moreover, Adams's mother suffers from diabetes and needs a caretaker, while his father is partially blind. Adams's family needs his assistance, which Adams notes is a factor that can be considered in determining whether extraordinary and compelling circumstances warrant compassionate release.

In further support of the motion, Adams notes that he has not incurred a single disciplinary infraction in more than a decade in prison. Adams further notes that if he were sentenced today, he would no longer have qualifying prior felony drug convictions that could be used to enhance his sentence.

Currently, there are 6,043 Bureau of Prisons inmates and 939 BOP staff who are positive for COVID-19 nationwide. www.bop.gov/coronavirus (last visited January 18, 2022). There are 42,678 inmates and 9,027 staff who have recovered. *See id*. There have been 277 federal inmate deaths and 7 BOP staff member deaths due to COVID-19. *Id*.

At Terre Haute FCI, there are 32 inmates and 2 staff who are currently positive for COVID-19. *Id*. Four Terre Haute FCI inmates have died due to COVID-19, while 345 inmates and 197 staff members have recovered. *Id*.

The BOP has received 310,532 COVID-19 vaccines and administered 284,099 doses of the COVID-19 vaccine. *Id*. At the Terre Haute Federal Correctional Complex (which includes FCI Terre Haute--housing 1,329 inmates including those at the Camp; and USP Terre Haute-- housing 1,207 inmates), the BOP website reports 458 staff and 2,155 inmates have received both doses of the vaccine.

In its second response opposing Adams's motion, the Government provided documentation that Adams refused to receive the vaccine when it was offered on March 1, 2021.

## II. DISCUSSION

(A)

Under the First Step Act, signed into law on December 21, 2018, defendants may file motions for compassionate release after first exhausting administrative remedies within the BOP. *See* 18 U.S.C. § 3582(c)(1)(A). The law provides the sentencing judge with jurisdiction to consider a defense motion for reduction of sentence based on "extraordinary and compelling" reasons whenever "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]." *See* 18 U.S.C. § 3582(c)(1)(A). If properly invoked by the Government, the exhaustion requirement must be enforced. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

There is no dispute that Adams has met the statutory exhaustion requirement of § 3582(c)(1)(A).

The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the sentencing factors of 18 U.S.C. § 3553(a) when deciding compassionate release motions. *See* 18 U.S.C. § 3582(c)(1)(A).

Because the Sentencing Guideline policy statement has not been updated since passage of the First Step Act to reflect that defendants (and not only the BOP) may move for compassionate release, there is no "applicable" policy statement concerning the expanded compassionate-release provision. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). "The statute itself sets the standard: only 'extraordinary and compelling reasons' justify the release of a prisoner who is outside the scope of § 3582(c)(1)(A)(ii)." *Id*. Until U.S.S.G. § 1B1.13 is amended, there is not an "applicable" policy statement for courts to rely on in considering prisoner-initiated applications for compassionate release. *See id*. at 1181.

The Court also is not bound by BOP's Compassionate Release/Reduction in Sentence Procedures under Section 571.61(3), which limits BOP's reduction in sentence consideration to "inmates who have been diagnosed with a terminal, incurable disease whose life expectancy is eighteen (18) months or less, and/or has a disease or condition with an end-of-life trajectory under 18 U.S.C. § 3582(d)(1)."

(B)

Since Adams's motion was initially briefed, COVID-19 vaccines have become readily available in federal prisons. The Court noted earlier that Adams refused to receive the Pfizer-BioNTech vaccine.

The widespread availability of vaccines for COVID-19 within the Bureau of Prisons likely "makes it impossible to conclude that the risk of COVID-19 is an

'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). "[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." *Id*. Moreover, "vaccines provide a much better defense against infection than any judicial order could do." *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021).

The other reasons relied on by Adams also do not warrant compassionate release. Adams has cited no medical condition that would increase his risk of serious illness from contracting COVID-19. While Adams's self-reported height and weight makes him slightly overweight, the CDC website reports that being overweight might increase an individual's risk of severe illness from COVID-19. This is unlike obesity, which does increase a person's risk of severe illness from COVID-19.

Additionally, Adams's age does not place him at high risk of severe illness from COVID-19.

While the Court certainly sympathizes with Adams's family considerations, the Court is unable to conclude that provides a basis for compassionate release. Undoubtedly, there are many federal prisoners who have parents or other family

members who need someone to provide care.  However, such circumstances rarely warrant compassionate release.

The Court recognizes that the statutory penalties for Adams's offenses have changed since the passage of the Fair Sentencing Act.  However, the guideline range would not have changed.  Accordingly, this factor is not an extraordinary and compelling reason for compassionate release.

The Court commends Adams for what appears to be extensive rehabilitation. Adams has taken a number of educational courses and received no discipline at Terre Haute FCI, the latter of which is extremely rare for someone who has spent more than a decade in prison.  Such conduct is noteworthy and commendable.

Adams's rehabilitation is the only factor which may support compassionate release.  However, rehabilitation cannot alone be an extraordinary and compelling reason for a sentence reduction.  *See* 28 U.S.C. § 994(t).

Adams has not shown that the existence of COVID-19 when combined with any medical conditions or his age constitute "extraordinary and compelling" reasons justifying his immediate release.  The availability of vaccines provide a defense to the risk of serious illness from COVID-19.  The other reasons cited by Adams do not constitute extraordinary and compelling reasons for a sentence reduction.  For these reasons, the Court concludes that compassionate release is not warranted.

<u>Ergo</u>, the Amended Motion for Compassionate Release of Defendant Kevin L. Adams [d/e 116] is DENIED.

The Clerk will terminate the Defendant's *Pro Se* Motion for Compassionate Release [d/e 113].

ENTER: January 19, 2022

    FOR THE COURT:

                /s/ *Richard Mills*
                Richard Mills
                United States District Judge