E-FILED
Thursday, 06 October, 2022  03:24:49 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-30086** |
| | ) | |
| **KEVIN L. ADAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is the *Pro Se* Motion of Defendant Kevin L. Adams for Resentencing pursuant to Section 404(b) of the First Step Act.[1]

In support of his motion, the Defendant states that he pled guilty to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count I); 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count II) and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count III) on March 29, 2011. See d/e 123, at 1-2. While the Defendant acknowledges he was sentenced after the enactment

---

[1] Counsel was appointed after Defendant filed his motion for resentencing. See Text Order of August 10, 2022. Upon determining that Defendant was ineligible for a reduction under the First Step Act, counsel filed a motion to withdraw as attorney [124], which the Court granted in a Text Order entered on August 15, 2022.

of the Fair Sentencing Act, he claims he did not receive the benefit of the legal doctrine expressed in <u>Concepcion v. United States</u>,142 S. Ct. 2389 (2022).  In <u>Concepcion</u>, the Supreme Court held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act."  <u>Id</u>. at 2404.

Following <u>Concepcion</u>, the Defendant states that he seeks a re-sentencing hearing in order to argue that his prior convictions do not qualify as serious drug offenses and his post-sentencing rehabilitation entitles him to a sentence reduction.  <u>See</u> d/e 123, at 2-3.  The Defendant states that if he were sentenced today for the same offenses, he would not qualify for a ten-year mandatory minimum sentence or an eight-year mandatory term of supervised release because two prior marijuana convictions would not qualify as serious drug offenses.  <u>See id</u>. at 3-4.  The Defendant asks the Court to, if necessary, construe the argument as a Compassionate Release Motion as the difference in sentences after the First Step Act could be deemed an extraordinary and compelling reason.  <u>See id</u>. at 4-5.

Section 404(b) permits the Court to reduce a sentence that was imposed for a "covered offense."  Section 404(a) defines a "covered

2

offense" as a violation of the crack cocaine laws that was committed before August 3, 2010. While the Defendant was convicted of a crack cocaine offense, the violation in this case took place after August 3, 2010, as the Defendant acknowledges. <u>See</u> d/e 123, at 2. Additionally, the indictment shows that Defendant was charged and sentenced under the Fair Sentencing Act. <u>See</u> d/e 9 (charging a violation of 21 U.S.C. § 841(b)(1)(B) based on at least 28 grams of crack cocaine). This also renders him ineligible for First Step Act relief. <u>See</u> First Step Act, § 404(c). Because the sentence was not imposed for a "covered offense," section 404 of the First Step Act does not apply to the Defendant.

To the extent that Defendant argues changes in the law entitle him to compassionate release, the Seventh Circuit has held otherwise. When considering whether "extraordinary and compelling reasons" warrant  an individual's compassionate release, "judges must not rely on non-retroactive statutory changes or new judicial decisions." <u>United States v. King</u>, 40 F.4th 594, 595 (7th Cir. 2022) (citing <u>United States v. Thacker</u>, 4 F.4th 569 (7th Cir. 2021); <u>United States v. Brock</u>, 39 F.4th 462 (7th Cir. 2022)). The compassionate release statute does not allow "the reduction of sentences lawfully

imposed before the effective date of the First Step Act's amendment" to the applicable statute.  See Thacker, 4 F.4th at 575.  The Seventh Circuit recently explained:

> Our discretion remains bounded by the limits Congress has set. We decline to interpret § 3582(c)(1)(A) inconsistently with Congress's decisions to make its amendment to § 924(c)'s stacking provision prospective and to have rehabilitation alone not serve as a justification for early release.

United States v. Peoples, 41 F.4th 837, 842 (7th Cir. 2022). Similarly, this Court cannot interpret § 3582(c)(1)(A) to make its changes to mandatory minimum prison terms prospective and allow rehabilitation alone to serve as a justification for early release. Accordingly, the Defendant has not shown "extraordinary and compelling reasons" which warrant compassionate release.

For these reasons, Defendant Kevin L. Adams's *Pro Se* Motion for Resentencing pursuant to Section 404(b) of the First Step Act [d/e 123] is DENIED.

ENTER: October 6, 2022

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE