IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 10-cr-30086 |
| KEVIN L. ADAMS, ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Kevin L. Adams' *pro se* Motion for Compassionate Release (d/e 132).

On March 29, 2011, Defendant pled guilty to Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count I); Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count II); and Possession with the Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count III).

On September 12, 2011, Defendant was sentenced to 240 months on each of Counts 1, 2, and 3, all to run concurrently. Defendant also received a 6-year term of supervised release on

Count 1 and an 8-year term of supervised release on Counts 2 and 3, all to run concurrently.

In his motion, Defendant Adams argues that he qualifies for compassionate release under 18 U.S.C. § 3582(c)(1)(A) pursuant to Section 603(b) of the First Step Act.  d/e 132, p. 6.  On August 25, 2023, the Government filed its response (d/e 133).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the

receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Here, Defendant Adams has provided no evidence that he submitted a request for compassionate release to his BOP facility which the warden then subsequently denied. The Government does not waive the exhaustion requirement. United States v. Gunn, 980 F.3d 1178, 1179 (7th Cir. 2020) (the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is an affirmative defense for the Government to raise); see United States v. Williams, 62 F.4th 391, 393 (7th Cir. 2023). Defendant has failed to exhaust his administrative remedies, and thus, his motion for compassionate release must be denied.

Even if the Court were to consider the merits of Defendant's however, his Motion for Compassionate Release (d/e 132) would

still be denied.  As the Government points out, Defendant's *pro se* Motion for Compassionate Release raises arguments duplicative of those previously denied by this Court.  See d/e 133, p. 5–6. Defendant Adams reiterates the same arguments he made in his previous *pro se* Motion for Resentencing (d/e 123) and Motion to Reduce Sentence (d/e 130).  The Court denied Defendant's Motion for Resentencing (d/e 125) and was affirmed by Seventh Circuit (d/e 129).  See United States v. Adams, No. 22-2906 (7th Cir. March 10, 2023).  The Court also denied Defendant's Motion to Reduce Sentence in a text Order entered on July 18, 2023.  In Defendant's instant Motion for Compassionate Release, Defendant again claims that he is eligible for relief under the First Step Act and that in light of non-retroactive application of the intervening changes in the law, and considering relevant § 3553(a) factors, he should be resentenced to 100 to 120 months imprisonment.  d/e 132, p. 4.

    The Court reiterates that Defendant has failed to state extraordinary and compelling reasons for a sentence reduction. United States v. King, 40 F.4th 594, 595 (7th Cir. 2022) ("When considering whether 'extraordinary and compelling reasons' warrant

an individual's compassionate release, 'judges must not rely on non-retroactive statutory changes or new judicial decisions.'"); United States v. Thacker, 4 F.4th 569, 575 (7th Cir. 2021) (the compassionate release statute does not allow "the reduction of sentences lawfully imposed before the effective date of the First Step Act's amendment" to the applicable statute).  Moreover, the Court takes judicial notice of the Government's previous response (d/e 118) and finds that the sentencing factors set out in 18 U.S.C. 3553(a), particularly the nature and circumstances of the offense and the characteristics of Defendant Adams, do not weigh in favor of early termination.

For these reasons, Defendant Kevin L. Adam's *pro se* Motion for Compassionate Release (d/e 132) is DENIED.

**ENTERED: August 30, 2023.**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**